IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| **WPEM, LLC,** § | |
| § | |
| *Plaintiff*, § | |
| § | Case No. 2:18-cv-00156 |
| v. § | |
| § | **JURY TRIAL DEMANDED** |
| **SOTI INC.,** § | |
| § | |
| *Defendant*. § | |

**DEFENDANT SOTI INC.'S ANSWER, DEFENSES, AND COUNTERCLAIMS
TO PLAINTIFF WPEM, LLC'S COMPLAINT**

Defendant SOTI Inc. ("Defendant" or "SOTI") answers Plaintiff WPEM, LLC's ("Plaintiff" or "WPEM") Complaint for infringement of United States Patent No. 9,148,762 ("the '762 Patent") (the "Complaint"), and asserts additional defenses and counterclaims against WPEM as follows.

**I.
THE PARTIES**

1.      SOTI is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 of the Complaint, and on that basis denies them.

2.      SOTI admits that SOTI is a foreign corporation organized and existing under the laws of Canada, with a principal place of business at 5770 Hurontario Street, Ste. 1100, Mississauga, Ontario L5R 3G5 Canada, and has a registered agent at InCorp Services, Inc., 815 Brazos Street, Ste. 500, Austin, Texas 78701.  SOTI denies the remaining allegations in Paragraph 2 of the Complaint.

## II.
## JURISDICTION AND VENUE

3. SOTI admits that this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) because this is a civil action for alleged patent infringement arising under the United States patent statutes.

4. SOTI denies the allegations in Paragraph 4 of the Complaint.

5. SOTI does not contest personal jurisdiction in this action. SOTI denies the remaining allegations in Paragraph 5 of the Complaint.

6. SOTI admits that SOTI is a foreign corporation. SOTI denies the remaining allegations in Paragraph 6 of the Complaint.

## III.
## ALLEGED INFRINGEMENT ('762 PATENT)

7. SOTI admits that Exhibit A to the Complaint purports to be a copy of the '762 Patent, titled "Safecell 360TM Wireless Policy Enforcement Management (WPEM) Solution." SOTI admits that the '762 Patent was purportedly issued by the United States Patent and Trademark Office. SOTI is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 7 of the Complaint, and on that basis denies them.

8. SOTI is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 of the Complaint, and on that basis denies them.

9. SOTI denies the allegations in Paragraph 9 of the Complaint.

10. SOTI denies the allegations in Paragraph 10 of the Complaint.

11. SOTI denies the allegations in Paragraph 11 of the Complaint.

12. SOTI denies the allegations in Paragraph 12 of the Complaint.

13. SOTI denies the allegations in Paragraph 13 of the Complaint.

## IV.
## JURY DEMAND

SOTI demands a trial by jury.

## V.
## PRAYER FOR RELIEF

SOTI denies that WPEM is entitled to any of the relief sought in its Prayer for Relief or in the Complaint. WPEM's prayer therefore should be denied in its entirety and its claims dismissed with prejudice.

## VI.
## FURTHER DENIAL

To the extent not expressly admitted above, the factual allegations contained in the Complaint are denied.

## SOTI'S SEPARATE DEFENSES

1. SOTI re-alleges and incorporates by reference each of the foregoing Paragraphs 1-13 as if fully set forth herein. SOTI alleges and asserts the following defenses in response to WPEM's allegations, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, irrespective of how such defenses are denominated herein. In addition, SOTI specifically reserves all rights to allege additional defenses that become known through the course of discovery.

### FIRST SEPARATE DEFENSE
(Non-Infringement)

2. SOTI does not infringe and did not infringe, does not contribute and did not contribute to the infringement of, or does not induce and did not induce others to infringe any valid and enforceable claim of the '762 Patent, either directly, indirectly, literally, or under the doctrine of equivalents, willfully or otherwise.

### SECOND SEPARATE DEFENSE
(Invalidity)

3. The claims of the '762 Patent, are invalid for failure to comply with one or more requirements of United States Code, Title 35, including, but not limited to, 35 U.S.C. § 101, § 102, § 103, and/or one or more paragraphs of § 112.

### THIRD SEPARATE DEFENSE
(Failure to State a Claim)

4. The Complaint fails to state a claim upon which relief may be granted.

### FOURTH SEPARATE DEFENSE
(Limitation on Damages)

5. WPEM's claims for relief are barred at least in part by 35 U.S.C. § 286.

6.      To the extent that WPEM, its predecessors, or any licensee of the '762 Patent failed to properly mark any of their relevant products as required by 35 U.S.C. § 287 or otherwise give proper notice that SOTI's actions allegedly infringed any claim of the '762 Patent, SOTI is not liable to WPEM for any alleged acts of infringement performed prior to filing of the Complaint.

### FIFTH SEPARATE DEFENSE
(No Injunction Relief)

7.      WPEM is not entitled to any injunctive relief because any alleged injury to WPEM is neither immediate nor irreparable, and WPEM has adequate remedies at law.

### SIXTH SEPARATE DEFENSE
(Laches, Waiver, Estoppel, Equitable Defenses)

8.      WPEM's claims for relief are barred, in whole or in part, by one or more equitable doctrines of laches, waiver, estoppel (including but not limited to equitable estoppel, prosecution history estoppel, and implied license by estoppel), unclean hands, and/or other equitable doctrines, including because WPEM declined to timely enforce the '762 Patent.  WPEM or its predecessor knew or should have known of SOTI's allegedly infringing activities prior to filing the Complaint.  Further, WPEM never provided any notice that the '762 Patent was allegedly infringed.

### SEVENTH SEPARATE DEFENSE
(Exhaustion/Express or Implied License)

9.      WPEM's claims against SOTI are barred, in whole or in part, by the doctrine of exhaustion and/or to the extent that any of SOTI's products/services accused of infringement are directly or indirectly provided by SOTI to an entity having an express or implied license under the '762 Patent, or incorporate equipment directly or indirectly provided by an entity having an express or implied license under the '762 Patent.

## EIGHTH SEPARATE DEFENSE
(Prosecution History Estoppel)

10. WPEM is estopped from construing any valid claim of the '762 Patent to be infringed literally or under the doctrine of equivalents due to claim amendments, admissions, and/or statements made before the United States Patent and Trademark Office during prosecution of the '762 Patent and/or any related patent applications and patents issuing therefrom.

## NINTH SEPARATE DEFENSE
(No Cost)

11. WPEM is barred by 35 U.S.C. § 288 from receiving any costs associated with this action.

## TENTH SEPARATE DEFENSE
(No Attorney Fees or Cost)

12. WPEM is not entitled to any attorney's fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## ELEVENTH SEPARATE DEFENSE
(No Willful Infringement)

13. SOTI has not willfully infringed the '762 Patent.

## TWELFTH SEPARATE DEFENSE
(Other Defenses)

14. SOTI reserves the right to supplement its defenses and/or add defenses as discovery proceeds in this action.

## COUNTERCLAIMS

SOTI brings the following Counterclaims against WPEM pursuant to Federal Rule of Civil Procedure 13 and alleges as follows:

## PARTIES and JURISDICTION

15. SOTI is a Canadian corporation with its principal place of business at 5770 Hurontario St., Ste. 1100, Mississauga, Ontario L5R 3G5 Canada.

16. On information and belief based solely on Paragraph 1 of the Complaint, WPEM is a Texas limited liability company and maintains its principal place of business in Harris County, Texas. WPEM has appeared for all purposes in this action.

17. This Court has subject matter jurisdiction over these counterclaims under 28 U.S.C. § 1338(a), the Patent Laws of the United States, 35 U.S.C. § 100, *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and this action is based upon an actual controversy between WPEM and SOTI regarding the invalidity and non-infringement of the claims of the '762 Patent.

18. WPEM has previously appeared in this action, is represented by counsel, and has submitted to the personal jurisdiction of this Court.

## VENUE

19. WPEM consented to venue in this District by filing its Complaint against SOTI.

## COUNT I:
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '762 PATENT

20. To the extent not inconsistent, SOTI re-alleges and incorporates by reference each of the foregoing Paragraphs 1-19 as if fully set forth herein.

21. In its Complaint, WPEM alleges that it owns the '762 Patent by assignment, and that SOTI infringed and infringes one or more claims of the '762 Patent. Absent a declaration of

non-infringement, WPEM will continue to wrongfully assert the '762 Patent against SOTI, thereby causing SOTI irreparable injury.  Therefore, an actual justiciable controversy exists between SOTI and WPEM concerning the alleged infringement of the '762 Patent.

22. SOTI does not and has not directly (whether individually or jointly) or indirectly (whether contributorily or by inducement) infringe, literally or under the doctrine of equivalents, any claim of the '762 Patent.

23. SOTI MobiControl ("the Accused Product") does not infringe claims 1 and 12 of the '762 Patent, or claims depending therefrom, because it does not include every required claim feature.  By way of example, the Accused Product does not perform a method of "sending a signal to the remote server upon the mobile device meeting or exceeding the pre-defined start trip speed; the remote server pushing the mobile policy file to the mobile device and temporarily overriding the non-transit setting," as required by the claims.

24. SOTI is not willfully, deliberately, or intentionally infringing and has not willfully, deliberately, or intentionally infringed any claim of the '762 Patent.

25. SOTI seeks a declaration to that effect pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*

## COUNT II: DECLARATORY JUDGMENT OF INVALIDITY OF THE '762 PATENT

26. To the extent not inconsistent, SOTI re-alleges and incorporates by reference each of the foregoing Paragraphs 1-25 as if fully set forth herein.

27. In its Complaint, WPEM alleges that it owns the '762 Patent by assignment, and that SOTI infringed and infringes one or more claims of the '762 Patent.  Absent a declaration of non-infringement, WPEM will continue to wrongfully assert the '762 Patent against SOTI,

thereby causing SOTI irreparable injury.  Therefore, an actual justiciable controversy exists between SOTI and WPEM concerning the alleged infringement of the '762 Patent.

28. The claims of the '762 Patent are invalid for failure to comply with one or more of the requirements of the patent laws, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112, and the rules and laws pertaining to those provisions.

29. For example, the claims of '762 Patent are invalid under 35 U.S.C. § 102 and/or § 103 in view of at least one or more of SOTI MobiControl Version 10.00 (Build 9329), U.S. Patent Publication No. 2009/0181662, U.S. Patent Publication No. 2012/0302204, U.S. Patent No. 8,515,413, and/or U.S. Patent No. 8,280,364.

30. SOTI seeks a declaration to that effect pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*

## SOTI'S PRAYER FOR RELIEF

SOTI, reserving its right to amend its pleadings to add additional defenses, affirmative defenses, and counterclaims if warranted by discovery, prays for the following relief:

a) A judgment that SOTI has not infringed any claim of the '762 Patent;

b) A judgment that the claims of the '762 Patent are invalid;

c) A judgment that WPEM's Complaint be dismissed with prejudice, and that WPEM takes nothing by its Complaint; and

d) An award to SOTI of its costs and attorney's fees incurred in this action and such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

SOTI demands trial by jury on all issues.

Date: July 9, 2018						Respectfully submitted,


								By    */s/Robert Greeson*
									Robert Greeson

								**NORTON ROSE FULBRIGHT US LLP**
								Robert Greeson (Texas Bar No. 24045979)
								robert.greeson@nortonrosefulbright.com
								2200 Ross Avenue, Suite 3600
								Dallas, Texas 75201
								Tel:	(214) 855-7430
								Fax:	(214) 855-8200

								Erik Janitens (Texas Bar No. 24097878)
								erik.janitens@nortonrosefulbright.com
								1301 McKinney Street, Suite 5100
								Houston, Texas 77010
								Tel:	(713) 651-3629
								Fax:	(713) 651-5246

								**ATTORNEYS FOR DEFENDANT SOTI INC.**


## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on July 9, 2018, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system.  Any other counsel of record will be served in accordance with the Federal Rules of Civil Procedure.

								    */s/Robert Greeson*
									Robert Greeson