# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| **WPEM, LLC,** § | |
| § | |
| *Plaintiff*, § | |
| § | Case No. 2:18-cv-00156-JRG |
| v. § | |
| § | **JURY TRIAL DEMANDED** |
| **SOTI INC.,** § | |
| § | |
| *Defendant*. § | |

## SOTI INC.'S MOTION FOR LEAVE TO FILE MOTION
## TO RECOVER ATTORNEYS' FEES PURSUANT TO 35 U.S.C. § 285

Defendant SOTI Inc. ("SOTI"), as a "prevailing party" under 35 U.S.C. § 285, files this motion for leave requesting permission from the Court to file a motion to recover attorneys' fees pursuant to Section 285 ("Motion for Fees"). In its Motion for Fees, SOTI will demonstrate that this case is exceptional under Section 285 because it "stands out from others with respect to the substantive strength of [Plaintiff's] litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014).

In particular, Plaintiff WPEM, LLC ("WPEM") initiated and maintained a baseless lawsuit even though WPEM and its counsel knew or should have known:

(1) The accused technology (i.e., SOTI's MobiControl Speed Lockdown) was publically available and offered for sale by SOTI before the priority date of the Asserted Patent. This information was readily identifiable (by, e.g., basic internet inquires) when WPEM filed its Complaint. Counsel for SOTI also informed counsel for WPEM (and provided supporting documentation) of these facts early on in the case.

(2) WPEM's own published patent application, i.e., U.S. Patent Application Publication No. 2011/0264246 (the "'246 Publication), was published more than one year prior to the effective filing date of the Asserted Patent—and describes every feature of the Asserted Claims, qualifying as invalidating prior art under 35 U.S.C. § 102(a)(1). The '246 Publication is referenced by, ***but not incorporated by reference in***, the Asserted Patent. Therefore, even a cursory review of the Asserted Patent would have revealed that it is invalid in view of WPEM's own prior art.

(3) The Asserted Patent is unenforceable due to inequitable conduct. The '246 Publication served as a starting point for the Asserted Patent and is included almost verbatim in the Asserted patent. Also, the '246 Publication and the Asserted Patent were prosecuted by the same law firm. Nevertheless, despite qualifying as invalidating prior art under 35 U.S.C. § 102(a)(1), ***the '246 Publication was never included in an Information Disclosure Statement (IDS)*** during prosecution of the Asserted Patent. As a result, as made clear from the prosecution file history, the Examiner never considered the '246 Publication in resolving patentability. Again, a cursory review of the Asserted Patent and its file history would have revealed this defect.

(4) The Asserted Patent is unenforceable due to incorrect inventorship. Tina Pantoja is a named inventor of the '246 Publication, but (confusingly) is not a named inventor of the Asserted Patent. However, in publicly-available assignment records Ms. Pantoja declares under penalty of perjury that she is, in fact, an inventor of the Asserted Patent. Yet again, a cursory review of USPTO assignment records would have revealed this defect.

Despite being confronted with this information, WPEM's counsel continued to pursue litigation, attempting to extract a settlement payment.

Accordingly, SOTI respectfully requests that the Court grant SOTI's Motion for Leave. Should the Court do so, SOTI shall file its Motion for Fees within fourteen (14) days thereafter.

Date: November 20, 2018

Respectfully submitted,

By */s/ Robert Greeson*
Robert Greeson

**NORTON ROSE FULBRIGHT US LLP**
Robert Greeson (Texas Bar No. 24045979)
**Lead Attorney**
robert.greeson@nortonrosefulbright.com
2200 Ross Avenue, Suite 3600
Dallas, Texas 75201
Tel: (214) 855-7430
Fax:(214) 855-8200

Erik Janitens (Texas Bar No. 24097878)
erik.janitens@nortonrosefulbright.com
1301 McKinney Street, Suite 5100
Houston, Texas 77010
Tel: (713) 651-3629
Fax:(713) 651-5246

**ATTORNEYS FOR DEFENDANT SOTI INC.**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on November 20, 2018, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via CM/ECF. Any other counsel of record will be served in accordance with the Federal Rules of Civil Procedure.

*/s/ Robert Greeson*
Robert Greeson