UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| WPEM, LLC, | ) | |
| **Plaintiff,** | ) | |
| | ) | **Civil Action No. 2:18-CV-00156** |
| v. | ) | |
| | ) | |
| | ) | |
| SOTI, INC. | ) | **JURY TRIAL DEMANDED** |
| **Defendant.** | ) | |

PLAINTIFF'S RESPONSE TO
SOTI INC.'S MOTION FOR LEAVE TO FILE MOTION TO RECOVER ATTORNEYS'
FEES PURSUANT TO 35 U.S.C. § 285[1]

## I.   ARGUMENT

Defendant Motion for leave to file a motion for attorney fees and costs should be denied

because Defendant's Motion fails to establish that attorney fees and costs should be awarded.[2] In

*Snyder*, the Court explained:

> Defendant . . . seek [sic] leave to amend but seeks leave to file a motion for an
> award of fees and costs incurred in filing its motion to dismiss . . .  [based on]
> plaintiff's counsel['s] [ ] lack of care in drafting the First Amended Complaint. . .
> . [The record shows no indication of bad faith on the part of plaintiff's counsel or
> that plaintiff's counsel acted vexatiously or in reckless indifference to the law. . .
> . [T]he Court declines to find that counsel's conduct unreasonably multiplied
> these proceedings. Thus, the Court . . . denies defendant leave to file a motion for
> attorneys' fees and costs.[ [3]]

---

1 Defendant Soti's Motion is ECF No. 31 and is hereafter in this Response referred to as
"Motion."

[2] *Snyder v. Embarq Mgmt. Co.*, No. 11-2271-JAR, 2011 U.S. Dist. LEXIS 123839, at **1–4
(D. Kan. Oct. 25, 2011);  *Sutherland v. United States*, 664 F. Supp. 207, 212 (W.D. Pa. 1986),
*reversed on other grounds*, 865 F.2d 56 (3d Cir. 1989);  *Cont'l Cas. Co. v. Nat'l Emplr. Sols.,
Inc.*, No. 1:08-cv-0974-WSD, 2010 U.S. Dist. LEXIS 148915, at *10 (N.D. Ga. Feb. 3, 2010).

[3] *Snyder*, 2011 U.S. Dist. LEXIS 123839, at **1–4.

1

Similarly the *Sutherland* Court explained, "[P]laintiffs' counsel filed for leave to file a motion for attorney fees and expenses . . . From the face of this motion, we find no conceivable grounds upon which we can award the relief requested. This motion will be denied." [4]

*Cont'l Cas. Co.* is factually similar to the present case situation. As that Court explained:

> Plaintiffs request that the Court grant them permission to file a motion for attorneys' fees . . . The request is largely based on the timing of [defendant]'s decision not to defend this action. The Court understands Plaintiffs would have preferred to have known this decision earlier. The Court notes, however, that [defendant]'s decision will, in the end, allow Plaintiffs to avoid the considerable costs to prepare for and to try this complicated commercial dispute. Moreover, [defendant]'s actions removed any litigation risk associated with a trial. Plaintiffs' request to file a motion for attorneys' fees is denied. [[5]].

Defendant's perfunctory motion illustrates the problematic assertion of inequitable conduct as simply litigation strategy of which the Federal Circuit warned of in *Therasense*[6] and that led the Federal Circuit to "tighten[ ] the standards for finding both intent and materiality in order to redirect a doctrine that has been overused to the detriment of the public."[7] Litigation-strategy assertion of inequitable conduct such as Defendant's perfunctory motion have "plagued not only the courts but also the entire patent system."[8]

Not only—as illustrated by *Snyder*, *Sutherland*, and *Cont'l Cas. Co.* (discussed above)— does Defendant's perfunctory motion fail to establish—particularly under the tightened

---

[4] *Sutherland*, 664 F. Supp. at 212.

[5] *Cont'l Cas. Co.*, 2010 U.S. Dist. LEXIS 148915, at *10.

[6] *Therasense, Inc. v. Becton, Dickinson & Co.*, 649 F.3d 1276, 1288, 1295 (Fed. Cir. 2011) (en banc) (denouncing the assertion of inequitable conduct as simply litigation strategy); *id.* at 1285 (noting the Federal Circuit had "[r]ecogniz[ed] the problems created by the . . . overuse of the inequitable conduct doctrine")

[7] *Id.* at 1290.

[8] *Id.* at 1289.

inequitable-standards emphasized or announced in *Therasense*[9]—grounds to grant Defendant's requested leave to file (*Snyder*, *Sutherland*, and *Cont'l Cas. Co.* each having denied leave to file a motion for attorney fees and costs), Defendant's motion is largely based on argument the courts have repeatedly rejected. Specifically, Defendant's motion argues—without supporting legal authority for this proposition—the patentee violated his duty of disclosure by disclosing the '246 Publication in the Asserted Patent's specification without also disclosing it in an IDS (Information Disclosure Statement):

> The '246 Publication is referenced by, . . . , the Asserted Patent. . . . [Paragraph break omitted]. . . . Nevertheless, . . . , ***the '246 Publication was never included in an Information Disclosure Statement (IDS)*** [Defendant's original emphasis].[[10]]

---

[9] *Id.* at, *e.g.,* 1290 (the Federal Circuit "tighten[ing] the standards for finding both intent and materiality in order to redirect a doctrine that has been overused to the detriment of the public," [at 1290] *e.g.*, explaining: "gross negligence or negligence under a 'should have known' standard does not satisfy this intent requirement" and "[i]n a case involving nondisclosure of information, clear and convincing evidence must show that the applicant made a deliberate decision to withhold a known material reference . . . In other words, the accused infringer must prove by clear and convincing evidence that the applicant knew of the reference, knew that it was material, and made a deliberate decision to withhold it[;]" rejecting the sliding-scale method of analyzing intent and materiality; noting, "Proving that the applicant knew of a reference, should have known of its materiality, and decided not to submit it to the PTO does not prove specific intent to deceive[;]"and explaining, "[T]to meet the clear and convincing evidence standard, the specific intent to deceive must be 'the single most reasonable inference able to be drawn from the evidence.' [Citation omitted]. Indeed, the evidence 'must be sufficient to *require* [Federal Circuit's emphasis] a finding of deceitful intent in the light of all the circumstances.' [Citation omitted]. "); *id.* at 1291 (explaining, "The absence of a good faith explanation for withholding a material reference does not, by itself, prove intent to deceive."); *see also id.* at 1287 (explaining, "[T]he accused infringer must prove that the applicant misrepresented or omitted material information with the specific intent to deceive the PTO. The accused infringer must prove both elements—intent and materiality—by clear and convincing evidence.If the accused infringer meets its burden, then the district court must weigh the equities to determine whether the applicant's conduct before the PTO warrants rendering the entire patent unenforceable. [Internal citations omitted]"). Most importantly, *Therasense* pronounced that an inequitable-conduct finding requires but-for materiality, i.e.., "When an applicant fails to disclose prior art to the PTO, that prior art is but-for material [only] if the PTO would not have allowed a claim had it been aware of the undisclosed prior art." *Id.* at 1291).

[10] Motion (ECF No. 31) at 2.

3

The "[d]uty to disclose information material to patentability"[11] is not violated when the patent examiner is already aware of the information.[12] "Information is material to patentability when it is not cumulative to information already of record or being made of record in the application"[13] In fact, the patent specification is colloquially known as the patent's "disclosure."[14]

As one court explained:

'[[T]]he Federal Circuit has consistently held that disclosure of a reference to the PTO within the specification of a patent application is indicative of lack of intent to deceive.' *TecSec, Inc. v. Int'l Bus. Machs. Corp.*, 763 F.Supp.2d 800, 813 (E.D. Va. 2011); *see Bayer AG v. Housey Pharms., Inc.*, 128 Fed. Appx. 767, 770 (Fed. Cir. 2005) (patentee did not knowingly withhold references, but rather disclosed them in specification); *Andrew Corp. v. Gabriel Elec., Inc.*, 847 F.2d 819, 823-24 (Fed. Cir. 1988) (patentee disclosed prior art generically in the patent application, thus showing no intent to withhold); *Vandenberg v. Dairy Equip. Co.*, 740 F.2d 1560, 1568 (Fed. Cir. 1984) (The patentees''describe[d the PX-15 device] in column 1 of their patent application as prior art . . . . This disclosure is inconsistent with intent to perpetrate fraud on the PTO.'); *Grantley Patent Holdings, Ltd. v. Clear Channel Commc'ns, Inc.*, 540 F.Supp.2d 724, 730 & n.4 (E.D. Tex. 2008) (no evidence that patentee made deliberate decision to withhold a reference—the 'Maxagrid inventory management system'—because he disclosed this system in his patent specification and described it as

---

[11] 37 C.F.R. § 1.56.

[12] *Semiconductor Energy Lab. Co. v. Samsung Elecs. Co.*, 749 F. Supp. 2d 892, 896 (W.D. Wis. 2010) (stating, "I am granting plaintiff's motion to dismiss in part. Because I find that the patent examiner was aware that plaintiff had been found guilty of inequitable conduct in a previous lawsuit, it is not plausible to infer that plaintiff engaged in inequitable conduct in failing to disclose that fact during the prosecution of the '463 patent.").

[13] 37 C.F.R. § 1.56(b).

[14] *Trinity Indus., Inc. v. Rd. Sys., Inc*., 121 F. Supp. 2d 1028, 1034 (E.D. Tex. 2000)  (stating, "Use of the specification (also called the 'written description' or 'disclosure') in claim construction has . . . ");  Simon A. Rose & Debra R. Jessup, *Whose Rules Rule? Resolving Ethical Conflicts During the Simultaneous Representation of Clients in Patent Prosecutions*, 12 FED. CIRCUIT B.J. 571, 579 n.33 (2002-2003) (stating, "The patent application consists of a disclosure or *specification* [author's original emphasis] that gives . . .").

'[c]ommercially available").[15]

Similarly, in *Oracle Corp. v. DrugLogic, Inc*., the Northern District of California explained:

> Regarding the intent to deceive, DrugLogic asserts that it may readily be inferred from the fact that the inventor of the '221 patent and patent counsel *mentioned WHO-Drug, COSTART, and CPT in the specification* [emphasis added] but did not describe them as hierarchical relational thesaurus dictionaries and did not provide copies to the PTO. [Citation omitted].  [16]
>
> * * *
>
> However, DrugLogic does not allege *any facts to support* [emphasis added] an inference that the information allegedly withheld from the PTO is not cumulative of other information previously disclosed to the examiner, *particularly given that Oracle referenced WHO-Drug, COSTART, and CPT in the '221 patent specification* [emphasis added]. Accordingly, the Court finds that DrugLogic has not properly pled the 'why' and 'how' of Oracle's alleged failure to disclose prior art.  [Citations omitted]. [17]

Likewise, the Western District of Wisconsin explained in *Apha Tech . U.S.A. Corp. v. MLSNA Dairy Supply, Inc.* :

> Mlsna further urges the court to consider the arguments in their summary judgment briefing to determine if this is an exceptional case. Mlsna's entire discussion of the right to fees under § 285 . . . largely consists of the assertion that 'Alpha Technology and its President, Kevin Dole, have commenced and pursued this litigation against defendant Mlsna Dairy Supply, . . . , knowing that the '920 patent was procured through and by Mr. Dole's inequitable conduct.' [Citation omitted].  . . . , defendants specifically contend that Dole failed to disclose a Puli F50 teatscrubbing system as known prior art to the United States Patent Office, and did so with deceptive intent.  [Citation omitted].
>
> * * *
>
> . . . [T]his court has little trouble concluding it does *not* [Court's emphasis] 'stand out' from other patent cases with respect to the strength of plaintiff's litigating

---

[15] *Berry Plastics Corp. v. Intertape Polymer Corp.*, No. 10 C 76, 205 F. Supp. 3d 979, 995, 996  (S.D. Ind. Aug. 25, 2016).

[16] 807 F. Supp. 2d 885, ___ (N.D. Cal. 2011).

[17] *Id.* at 895.

position or the manner in which the plaintiff litigated its claims.  . . . .

    * * *

More importantly, plaintiff has put forth sufficient evidence at summary judgment to undermine any finding that Dole's failure to disclose the Puli F50 system in particular was material in light of his disclosure of the Vecchia Application. (*See* Declaration of Robert L. Wolter (dkt. #70) ¶¶ 9-13.) *See also Therasense*, 649 F.3d at 1295 (requiring but-for proof of materiality to demonstrate inequitable conduct). In particular, the patent application's *specification* [emphasis added] not only mentions the Vecchia Application (U.S. Patent Application No. 11/490,072), but states that the system described in the Vecchia application 'has been sold and distributed by Puli-System S.r.L' ('920 Patent (dkt. #1-2) 1:33-35.) In light of this undisputed evidence, the court finds no factual basis to hold a hearing before disposing of defendants' remaining request for fees.[18]

Defendant's Motion fails not only because of failing to prove a basis for an attorney fees award because of purported inequitable conduct, but the Motion's admission that the complained-of reference was disclosed in the Asserted Patent's specification (also known as the patent's "disclosure") affirmatively refutes the Motion.

## II.  CONCLUSION

For the reasons presented above and, as in *Snyder*, *Sutherland*, and *Cont'l Cas. Co.*, Defendant's requested leave to file a motion for attorney fees and costs should be denied.

Respectfully submitted,

**Ramey & Schwaller, LLP**

By: /s/ William P. Ramey, III
     William P. Ramey, III
     Texas Bar No. 24027643
     5020 Montrose Blvd., Suite 750
     Houston, Texas 77006
     (713) 426-3923 (telephone)
     (832) 900-4941 (fax)

---

[18] No. 13-cv-870-wmc, 2015 U.S. Dist. LEXIS 2748, at **4, 5, 7  (W.D. Wis. Jan. 8, 2015).

wramey@rameyfirm.com

***Attorneys for WPEM, LLC***

**CERTIFICATE OF SERVICE**

Pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5, I hereby certify that all counsel of record who have appeared in this case are being served today, November 26, 2018, with a copy of the foregoing via the Court's CM/ECF system.

/s/ William P. Ramey, III
William P. Ramey, III