UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| WPEM, LLC, | ) | |
|     Plaintiff, | ) | |
| | ) | Civil Action No. 2:18-CV-00156 |
| v. | ) | |
| | ) | |
| | ) | |
| SOTI, INC. | ) | JURY TRIAL DEMANDED |
|     Defendant. | ) | |

PLAINTIFF'S SURREPLY REGARDING
SOTI INC.'S MOTION FOR LEAVE TO FILE
MOTION TO RECOVER ATTORNEYS' FEES PURSUANT TO 35 U.S.C. § 285[1]

I.   ARGUMENT

A. SOTI MUST PROVE—NOT JUST ARGUE FOR—ENTITLEMENT TO LEAVETO FILE AND HAS FAILED TO DO SO.

1. SOTI Concedes It Bears the Burden to Prove Entitlement to Leave to File.

Defendant SOTI Inc. concedes its Motion for Leave must prove (i.e., must meet the burden of proof) entitlement to the requested relief (i.e., to leave to file).[2] However, SOTI does not even try to argue its Motion presented *any* evidence in support of the Motion rather than only mere attorney argument.[3] The Motion itself shows it offered no evidentiary support.[4] Of course attorney

---

[1] Defendant SOTI's Motion is ECF No. 31 and is hereafter in this Surreply referred to as "Motion." Defendant SOTI's Reply in support of that Motion is ECF No. 34 and is hereafter in this Surreply referred to as "Reply."

[2] Reply (ECF No. 34) at 1–2 (conceding the existence of "the *burden to show* [emphasis added] that a motion for leave to seek attorneys' fees should be granted").

[3] Reply (ECF No. 34) generally; Motion (ECF No. 31) generally.

[4] Motion (ECF No. 31) generally.

1

argument—which is all SOTI's Motion presented—is not evidence.[5] Nor does SOTI's Motion or Reply even try to argue the Motion met any burden of proof.

Instead and without any citation to any purported supporting legal citation, SOTI also contradictorily appears to assert that as the motion-for-leave-to-file movant it has no burden of proof at all; i.e., that it is absolutely entitled to the relief requested without offering *any* evidence (again, SOTI's Motion offers merely attorney argument that is not evidence) that SOTI is entitled to the requested relief. In addition to lacking any supporting legal authority for that incredible proposition, the proposition is refuted by the case law cited in Plaintiff's Response, as discussed in the following heading.

> **2. The Case Law Consistently Requires the Movant to Prove Entitlement to Leave to File.**

SOTI's attempts to distinguish the several court opinions denying leave to file a motion for attorney fees because of failure to prove entitlement to have leave granted[6] fails. SOTI argues those cases do not apply because the causes of action differ; however, SOTI provides no explanation—and more importantly, no supporting legal authority—for why the burdens of proof for entitlement to leave to file a motion for attorney fees would differ under those different causes of action. Further, those cases (as well as a Local Rule of this Court that is discussed shortly further below) support the proposition that the movant must prove entitlement to leave to file a motion for attorney fees regardless of the underlying causes of action. Specifically, though those cases each

---

[5] *E.g., Dow Chem. Co. v. Nova Chems. Corp. (Can.)*, 458 Fed. Appx.910, 933 (Fed. Cir. 2012), *cert. denied*, 133 S. Ct. 544 (2012).

[6]*Snyder v. Embarq Mgmt. Co.*, No. 11-2271-JAR, 2011 U.S. Dist. LEXIS 123839, at **1–4 (D. Kan. Oct. 25, 2011); *Sutherland v. United States*, 664 F. Supp. 207, 212 (W.D. Pa. 1986), *reversed on other grounds*, 865 F.2d 56 (3d Cir. 1989); *Cont'l Cas. Co. v. Nat'l Emplr. Sols., Inc.*, No. 1:08-cv-0974-WSD, 2010 U.S. Dist. LEXIS 148915, at *10 (N.D. Ga. Feb. 3, 2010).

had different underlying causes of action, the courts each followed the same principle: the movant must prove entitlement to leave to file a motion for attorney fees, i.e., leave is not proper simply because it is requested or simply based on non-evidentiary attorney argument.[7]

Further, SOTI's attempt to distinguish *Continental Casualty* fails. SOTI argues:

> The Court denied the plaintiff's motion for leave because the defendant's decision ultimately allowed the plaintiff "to avoid the considerable costs to prepare for and to try [the] complicated commercial dispute," and "removed any litigation risk associated with a trial." *Id*. at *4. Here, SOTI is not seeking attorneys' fees based on the timing of WPEM's motion to dismiss.[8]

However, SOTI's Motion shows it is based in large part on the assertion that Plaintiff purportedly should have voluntarily dismissed Plaintiff's claims sooner. For example, SOTI's Motion argues:

> . . . In particular, Plaintiff WPEM, LLC ("WPEM") initiated *and maintained* [emphasis added] a baseless lawsuit even though WPEM and its counsel knew or should have known:
>
> (1) The accused technology . . . Counsel for SOTI also informed counsel for WPEM (and provided supporting documentation) of these facts *early on in the case* [emphasis added].[9]
>
> * * *
>
> Despite being confronted with this information, WPEM's counsel *continued to pursue litigation* [emphasis added], attempting to extract a settlement payment.[10]

Similarly, SOTI's Reply argues:

> . . . WPEM's decision to *continue to litigate* [emphasis added] despite being made aware of these problems demonstrates "the unreasonable manner in which the case was *litigated* [emphasis added]."[11]

---

[7] *Id*.

[8] Reply (ECF No. 34) at 2, 3.

[9] Motion (ECF No. 31) at 1.

[10] *Id*. at 2.

[11] Reply (ECF No. 34) at 3, 4 (internal citation omitted).
.

Further, as in *Continental Casualty*, Plaintiff's voluntary dismissal "decision will, in the end, allow [SOTI] to avoid the considerable costs to prepare for and to try this complicated commercial dispute [i.e., here, the patent infringement dispute[12]]. Moreover, [Plaintiff]'s actions removed any litigation risk associated with a trial."[13]

SOTI's Reply argument that it need offer no supporting proof and meet no burden of proof for its motion for leave to file is consistently refuted by the case law.

### 3. This Court's Local Rules Refutes SOTI's Argument that SOTI Need Not Prove Entitlement to Leave to File.

More importantly, the rules of this Court refute SOTI's argument (i.e., the argument that SOTI is entitled to leave simply because it requested it and despite offering no supporting evidence but rather merely non-evidentiary attorney argument). First, Local Rule CV-7(b) requires evidentiary proof for factual allegations outside the record:

> (b) **Documents Supporting Motions.** When allegations of fact not appearing in the record are relied upon in support of a motion, all affidavits and other pertinent documents shall be served and filed with the motion.

Second and more importantly, Local Rule CV-7(k)—which specifically addresses motions for leave to file—requires the document for which leave is sought (here, a motion for attorney fees) be filed immediately after the filing of a motion for leave:

> (k) **Motions for Leave to File.** Motions for leave to file a document should be filed separately and immediately before the document for which leave is sought.

---

[12] "[P]atent litigation is particularly complex[.]" *FTC v. Actavis, Inc.*, 570 U.S. 136, 170 (2013).

[13] *See Cont'l Cas. Co. v. Nat'l Emplr. Sols., Inc.*, No. 1:08-cv-0974-WSD, 2010 U.S. Dist. LEXIS 148915, at *10 (N.D. Ga. Feb. 3, 2010).

A motion for leave to file is deficient if it fails to comply with L.R. CV-7(k)[14] and, thus, should be denied.[15]

These Rules (as well as the case opinions discussed above) refute SOTI's argument that it need not prove entitlement to leave to amend. To have proven entitlement to leave to file a motion for attorney fees, SOTI was required to not just file a motion for leave that had only attorney argument. Rather, SOTI must have also concurrently filed the proposed motion for attorney fees with supporting evidence sufficient to have proven entitlement to leave to file the motion for attorney fees. It is undisputed that SOTI did not.

### B. BECAUSE SOTI FAILED TO PROVE—NOT JUST ARGUE FOR—ENTITLEMENT TO LEAVE TO FILE, PLAINTIFF HAS NO BURDEN TO REFUTE SOTI'S *MERE-ATTORNEY –ARGUMENT* PURPORTED BASES FOR AWARDING ATTORNEY FEES.

Because, as discussed above, SOTI failed to meet its burden to *prove* entitlement to leave to file, Plaintiff has no burden to address SOTI's mere attorney argument (which, as discussed above, has no evidentiary value) regarding SOTI's argued purported bases for attorney fees. SOTI's motion for leave fails because of failure to meet SOTI's burden of proof.

---

[14] *Smith v. JPMorgan Chase Bank, N.A.*, No. 4:14-CV-682, 2016 U.S. Dist. LEXIS 127030, 2016 WL 4974899, at *22 (E.D. Tex. Sept. 19, 2016) (stating, "[T]he Motion for Leave did not attach or otherwise contain a copy of the document Plaintiff seeks leave to file, as required by Local Rule CV-7(k) (Dkt. #49). Local Rule CV-7. Plaintiff's Motion for Leave is therefore deficient[.]").

[15] *Id.* at **22, 23; *Iovate Health Scis., Inc. v. Bio-Engineered Supplements & Nutrition, Inc.*, No. 9:07-CV-46, 2008 U.S. Dist. LEXIS 128524, at *3 (E.D. Tex. June 7, 2008).

## II.  CONCLUSION

For the reasons presented above and in Plaintiff's Response[16], as in *Snyder*, *Sutherland*, and *Cont'l Cas. Co.*[17], Defendant's requested leave to file a motion for attorney fees and costs should be denied.

Respectfully submitted,

**Ramey &Schwaller, LLP**

By: /s/ William P. Ramey, III
William P. Ramey, III
Texas Bar No. 24027643
5020 Montrose Blvd., Suite 750
Houston, Texas 77006
(713) 426-3923 (telephone)
(832) 900-4941 (fax)
wramey@rameyfirm.com

***Attorneys for WPEM, LLC***

## CERTIFICATE OF SERVICE

Pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5, I hereby certify that all counsel of record who have appeared in this case are being served today, December 10, 2018, with a copy of the foregoing via the Court's CM/ECF system.

/s/ William P. Ramey, III
William P. Ramey, III

---

[16] ECF No. 33.

[17] *See* Response (ECF No. 33) at 1–3 (discussing these cases).