IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| WPEM, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:18-CV-00156-JRG |
| | § | |
| SOTI INC., | § | |
| | § | |
| Defendant. | § | |
| | § | |

# ORDER

Before the Court is Plaintiff WPEM, LLC's ("Plaintiff" or "WPEM") Opposed Motion to Dismiss with Prejudice (the "Motion"). (Dkt. No. 28.) In the Motion, Plaintiff requests that its infringement claims against Defendant SOTI, Inc. ("Defendant" or "SOTI") be dismissed with prejudice. (*See id.*) While Plaintiff does not cite to Fed. R. Civ. P. 41(a)(2) in the Motion, the Court assumes that Plaintiff moves pursuant to Rule 41(a)(2) because it unilaterally seeks to dismiss its claims with prejudice and not in accordance with any settlement agreement. In Defendant's response, Defendant states that it "does not oppose dismissal of WPEM's claims against SOTI *with prejudice*," but that it "moves the Court to dismiss, *without prejudice*, its claims against WPEM." (Dkt. No. 30 (emphasis in original).) Having considered the Motion, and Defendant's response, it is **ORDERED** that WPEM's claims against SOTI are **DISMISSED WITH PREJUDICE**. It is further **ORDERED** that SOTI's claims against WPEM are **DISMISSED WITHOUT PREJUDICE**.

Plaintiff's request that "each party bear its own costs" is **DENIED**. (Dkt. No. 28-1.) The Court shall retain jurisdiction to hear any motions filed as to fees and costs. The Court does not observe, based on the evidence presently before it, anything exceptional about the parties' conduct

in this case especially given the infancy of this case when the Motion to Dismiss was filed. The Motion to Dismiss was filed on October 30, 2018—a mere six weeks after the scheduling conference and less than four weeks after the Court entered the Protective Order, Discovery Order, and Docket Control Order. (Dkt. No. 28.) There has been no other activity in the case.

That said, neither party is precluded from making any future request for an award of fees pursuant to 35 U.S.C. § 285, over which the Court retains jurisdiction. However, any such motion for an award of fees must address whether a party is a "prevailing party" when the plaintiff voluntarily dismisses its claims with prejudice. *See SSL Servs., LLC v. Citrix Sys., Inc.*, 769 F.3d 1073, 1086 (Fed. Cir. 2014); *Highway Equipment Co., Inc. v. FECO Ltd.*, 469 F.3d 1027, 1035–36 (Fed. Cir. 2006); *Pragmatus Telecom LLC v. Newegg Inc.*, 625 F. App'x 528, 529 (Fed. Cir. 2015).

Additionally, Defendant SOTI, Inc.'s Motion for Leave to File a Motion to Recover Attorneys' Fees pursuant to Section 285 (Dkt. No. 31) is **DENIED WITHOUT PREJUDICE**. Neither party is required to seek leave to file motions seeking fees and costs. However, any such motions as to fees and costs, if they are to be filed, shall be filed within ten (10) days from the date of this Order. Any responses thereto shall be filed within ten (10) days of the date of any such motion. No reply or sur-reply is permitted unless ordered by the Court.

**So Ordered this**
**Mar 5, 2019**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE