# EXHIBIT 15

**Janitens, Erik**

| | |
|---|---|
| **From:** | Greeson, Robert |
| **Sent:** | Monday, July 9, 2018 12:35 PM |
| **To:** | 'William Ramey' |
| **Cc:** | Victoria Kubitskey; Cameron Bautsch; Janitens, Erik |
| **Subject:** | RE: WPEM v. SOTI |

If a prior document (or any other publicly available system, etc.) demonstrates each accused product "element" you contend must be present to infringe a patent claim actually existed before the patent, the patent is necessarily invalid under section 102.

Either way – we will send you documents showing the accused product was publicly available before the asserted patent, which should end the case. I have already told you we found public sources, including the "way back" website, showing the accused product was publicly before the priority date of the asserted patent.

**From:** William Ramey [mailto:wramey@rameyfirm.com]
**Sent:** Monday, July 9, 2018 12:29 PM
**To:** Greeson, Robert <robert.greeson@nortonrosefulbright.com>
**Cc:** Victoria Kubitskey <vkubitskey@rameyfirm.com>; Cameron Bautsch <Cbautsch@rameyfirm.com>; Janitens, Erik <erik.janitens@nortonrosefulbright.com>
**Subject:** RE: WPEM v. SOTI
**Importance:** High

Robert,

Also, we disagree with your premise. Accused products have elements, it would be those elements that infringe the patent. A product name and date of availability are not dispositive of any issues, as element, or technical features, are constantly updated.

Thanks,

Bill

**From:** Greeson, Robert <robert.greeson@nortonrosefulbright.com>
**Sent:** Monday, July 09, 2018 12:07 PM
**To:** William Ramey <wramey@rameyfirm.com>
**Cc:** Victoria Kubitskey <vkubitskey@rameyfirm.com>; Cameron Bautsch <Cbautsch@rameyfirm.com>; Janitens, Erik <erik.janitens@nortonrosefulbright.com>
**Subject:** RE: WPEM v. SOTI

Ok.

To be more specific, whether the "January 2013 documents [] disclose [y]our patented claims" is an issue we might argue over (while SOTI does state they invalidate the claims), but the simpler issue is that the documents show, at a minimum, the accused product was publicly available before the priority date of the patent. So, to the extent you argue the accused product infringes, therefore, it necessarily invalidates the claims.

--rg

**From:** William Ramey [mailto:wramey@rameyfirm.com]
**Sent:** Monday, July 9, 2018 12:05 PM
**To:** Greeson, Robert <robert.greeson@nortonrosefulbright.com>
**Cc:** Victoria Kubitskey <vkubitskey@rameyfirm.com>; Cameron Bautsch <Cbautsch@rameyfirm.com>; Janitens, Erik <erik.janitens@nortonrosefulbright.com>
**Subject:** RE: WPEM v. SOTI

Robert,

We are developing the facts on the SOTI and AT&T.

Thanks,

Bill

**From:** Greeson, Robert <robert.greeson@nortonrosefulbright.com>
**Sent:** Monday, July 09, 2018 12:02 PM
**To:** William Ramey <wramey@rameyfirm.com>
**Cc:** Victoria Kubitskey <vkubitskey@rameyfirm.com>; Cameron Bautsch <Cbautsch@rameyfirm.com>; Janitens, Erik <erik.janitens@nortonrosefulbright.com>
**Subject:** RE: WPEM v. SOTI

Yes, we will send some exemplary document for your consideration under FRE 408.

Also, I recall you were going to look into the issue of prior disclosure to SOTI and/or ATT – what did you determine?

--Robert

**From:** William Ramey [mailto:wramey@rameyfirm.com]
**Sent:** Monday, July 9, 2018 12:00 PM
**To:** Greeson, Robert <robert.greeson@nortonrosefulbright.com>
**Cc:** Victoria Kubitskey <vkubitskey@rameyfirm.com>; Cameron Bautsch <Cbautsch@rameyfirm.com>
**Subject:** WPEM v. SOTI
**Importance:** High

Robert,

I was under the impression you were going to send some prior art documents?  I believe you thought you had January 2013 documents that disclose our patented claims?

Thanks,

Bill


**CONFIDENTIALITY NOTICE:** This email, including any attachments, is confidential and may be privileged. If you are not the intended recipient please notify the sender immediately, and please delete it; you should not copy it or use it for any

purpose or disclose its contents to any other person. Norton Rose Fulbright entities reserve the right to monitor all email communications through their networks.

Norton Rose Fulbright Australia, Norton Rose Fulbright LLP, Norton Rose Fulbright Canada LLP, Norton Rose Fulbright South Africa Inc and Norton Rose Fulbright US LLP are separate legal entities and all of them are members of Norton Rose Fulbright Verein, a Swiss verein. Norton Rose Fulbright Verein helps coordinate the activities of the members but does not itself provide legal services to clients. Details of each entity, with certain regulatory information, are available at nortonrosefulbright.com.