UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| WPEM, LLC, ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 2:18-CV-00156 |
| v. ) | |
| ) | |
| SOTI, INC. ) | JURY TRIAL DEMANDED |
| Defendant. ) | |

## DECLARATION OF WILLIAM P. RAMEY, III

Pursuant to 28 U.S.C. § 1746, I, William P. Ramey, III, declare as follows:

1. My name is William P. Ramey, III. I am over the age of 21. I have never been convicted of a felony, and I have personal knowledge of the facts contained herein, which are true and correct. I am fully qualified and competent to make this Declaration. If called as a witness, I could competently testify to these statements.

2. I am an attorney with the law firm of Ramey & Schwaller, LLP, located in Houston, Texas and the lead attorney for Plaintiff in the above-styled case and cause number, a patent infringement lawsuit alleging infringement of United States Patent No. 9,148,762 ("the '762 patent") related to mobile device management.

3. The '762 patent issued on September 29, 2015 listing W. Scott Taylor as the sole inventor.

4. Mr. Taylor approached my firm in December of 2017 for representation in potential patent infringement cases.

5. From December of 2017 to February of 2018, my firm, along with Mr. Taylor, charted the claims of the '762 patent to the then current version of the SOTI MobiControl User Manual. It was our opinion that SOTI MobiControl infringed the claims of the '762 patent. The

charts ultimately became Plaintiff's infringement contentions, a true and correct copy attached as Exhibit B.

6. My firm did not look at any materials from the SOTI website beyond the SOTI MobiControl User Manual provided by Mr. Taylor and was unaware of any release notes or any prior version of MobiControl.

7. On February 15, 2019, Mr. Taylor engaged my firm to pursue patent infringement claims against SOTI, Inc. and perhaps others.

8. From February 15, 2018 until April 18, 2018, my firm performed further diligence on the '762 patent including assignment record verification and further verification of our infringement charts. At no point were we aware of Version 10 of SOTI, Inc.'s SOTI MobiControl.

9. To ensure a clean assignment record, my firm advised Mr. Taylor to form a new LLC. On April 4, 2018, Mr. Taylor formed WPEM, LLC listing himself and Ms. Tina Pantoja as the sole owners. Mr. Joby Hughes was hired by the LLC to manage potential litigation. Mr. Hughes has no equity ownership in the LLC.

10. On April 18, 2018, my firm filed suit against SOTI, Inc. on behalf of WPEM, LLC. I was contacted shortly thereafter by Mr. Robert Greeson of Norton Rose Fulbright on behalf of SOTI. Mr. Greeson requested a 45-day extension to answer the lawsuit which we allowed.

11. In July of 2018, I exchanged e-mails with Mr. Greeson wherein he alleged the patents were invalid. On August 27, 2018, Mr. Greeson sent a letter (a true and correct copy attached as Exhibit C) with a Version 10 Help Manual of SOTI's SOTI MobiControl. Neither I

nor anyone else at my firm was aware of the Version 10 Help Manual of SOTI's SOTI MobiControl until Mr. Greeson sent it to us.

12. By September 6, 2018, my firm was able to complete the review of the materials sent by Mr. Greeson. The release notes merely provide that SOTI alleges to have certain functionality in its Version 10 of SOTI MobiControl. I requested from Mr. Greeson a prototype of that version so we could test the functionality.

13. On or about September 6, 2018, my firm discussed the materials provided by Mr. Greeson with Mr. Taylor who exclaimed to me that he was unaware that Version 10 of SOTI MobiControl had the speed lockdown functionality.

14. On September 25, 2018, Mr. Erik Janitens of Norton Rose Fulbright provided a link and password to download an executable with purportedly Version 10 of the SOTI MobiControl. (a true and correct copy of email attached as Exhibit D, second from last e-mail in chain).

15. On October 4, 2018, I left the country to climb to Mt. Everest base camp and only received intermittent communications until October 24, 2018. On October 16, 2018, when we had communication in a village at over 16,000 feet elevation, I sent an e-mail to Mr. Greeson offering to settle for $150,000.00. I was not aware of Mr. Greeson's October 17, 2018 letter threatening Rule 11 sanctions until October 29, 2018.

16. Per WPEM's instruction we attempted one last attempt to settle the matter by dropping our offer to $75,000.00 on October 24, 2018. SOTI declined this offer.

17. While I was out of the office, Mr. Brett Crockett of my firm was evaluating the materials sent by SOTI. I communicated with him on or about October 24, 2018, after transmitting our offer of $75,000.00, concerning his analysis and conclusion that Version 10 of

SOTI's MobiControl was likely close to the claims of the '762 patent, but that he had not reached a firm opinion.

18.     When SOTI declined our offer, WPEM made the determination to dismiss the case.  Beginning on October 25, 2018, we notified Mr. Greeson that we were going to dismiss the case.  We filed our motion to dismiss on October 30, 2018.

19.     During the entire course of the litigation, we filed no motions and we propounded no discovery.  Within one-month from receiving the executable from Mr. Janitens on September 25, 2018, WPEM notified SOTI that it was going to dismiss its case.

20.     In responding to Dkt. No. 39, SOTI's Motion to find the case exceptional, I have spent over 50 hours, including more than 35 hours of briefing between te response to the motion and the supplemental briefing, 6 hours of travel, 3 hours of witness preparation, 6 hours of hearing preparation, 2 hours of client communications, and 2.5 hours for the hearing.  My hourly rate is $525.00 per hour.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed in Harris County, State of Texas, on December 3, 2019.

_____
William P. Ramey, III, DECLARANT